CRESPO ET AL., PLAINTIFFS AND APPELLEES, *v.* CRESPO ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Aguadilla in an Action for Partition.—Motion for Dismissal.

No. 3115.—Decided November 6, 1923.

APPEAL—TRANSCRIPT OF RECORD—NEGLIGENCE OF STENOGRAPHER.—At the instance of the appellant the court granted the stenographer a third extension of time for delivering the transcript of the record, with a warning of punishment for contempt. On the day of its expiration, December 5, 1922, the appellant, though omitting to ask for another extension, urged the court to compel the stenographer to deliver the transcript, which was filed three days there-

after. *Held:* That the motion of December 5, 1922, amounted to a motion for an extension and the appeal should not be dismissed on the ground that the transcript was filed out of time.

The facts are stated in the opinion.

*Mr. A. García Ducós* for the appellants.

*Messrs. Benet & Souffront* for the appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

Instead of presenting a statement of the case the appellants elected to have the stenographer prepare a transcript of the evidence and at their instance the court allowed the stenographer twenty days within which to do the work. When this time was about to expire the appellants moved the court to grant the stenographer an extension of time and he was given sixty days. The work not having been done by the stenographer, before the extension had expired the appellants moved the court to compel the stenographer to prepare the transcript and the court ordered that demand be made upon the stenographer to deliver the transcript within twenty days, warning him that if he did not he would be in contempt. This period expired on December 5, 1922, on which day the appellants made a motion stating that the stenographer had not complied with the order of the court and urged that the proper coercive means be employed. Three days thereafter the transcript was presented, when the court had not yet disposed of the last motion.

In view of these facts the appellees move for dismissal of the appeal on the ground that the transcript was presented after December 5th, the day on which the extensions allowed the stenographer expired and no new extension had been asked for.

Although the appellants did not formally move the court for a new extension for the stenographer before December 5th, their motion of that date for the proper means to compel him to deliver the transcript amounts to a motion for an extension until the transcript should be delivered to them, because the purpose of that motion was to obtain the

transcript to which they were entitled under Act No. 27, of November 27, 1917, and, therefore, the filing of the transcript three days after December 5th can not be considered as extemporaneous; nor can the appellants be affected by the fact that the court did not dispose of their last motion, which was due perhaps to the fact that on the 8th the order sought to be enforced had been complied with.

For the foregoing reasons the motion for dismissal must be overruled.

*Motion overruled.*

Chief Justice Del Toro and Justices Wolf, Hutchison and Franco Soto concurred.